Morales, Ramos & Co., Petitioners, *v.* District Court of Humacao and A. L. Clark & Co., Respondents.

No. 519.   Argued July 12, 1926.—Decided July 29, 1926.

*A. L. López* for the petitioners.

Mr. Justice Aldrey delivered the opinion of the court.

In an appeal from a municipal court the clerk of the District Court of Humacao notified counsel for the appellants on the 21st of September, 1925, that he had received the transcript of the record. On the 17th of December counsel for appellants asked the clerk in writing to include the case in the calendar, but did not enclose the $5 internal revenue stamp required under the schedule, and the clerk so notified counsel. On the 23rd of December, 1925, during the morning session of the district court and after the third reading of the calendar the court dismissed the appeal for the reason that the appellants had not included the case in the calendar. In the afternoon of that day the clerk of the court received the $5 internal revenue stamp. On the 27th of May, 1926, the court set aside that judgment and opened the case for further proceedings on the appellants' motion which set up that they had not been negligent in the perfection of their appeal, but had failed to forward in due time the internal revenue stamp. All this appears from the transcript on appeal in the district court, which is now before this court by virtue of a writ of certiorari issued at the instance of the appellees.

Act No. 93, enacted on the 31st of March, 1919, as a supplement to volume II of the Acts of 1917 to amend and add to the Act to regulate appeals from judgments of the municipal courts, provides in its section 3 (*b*) that in case the appellant fails to solicit the inclusion of the action in the calendar the district judge shall dismiss the action, taxing the costs upon the appellant and the secretary shall

immediately forward the case to the lower court for the execution of the judgment appealed from.

In the case of *Marrero* v. *Müller, ante,* page 339, this court said:

"We have been in some doubt as to whether the provisions of this Act of 1917 were totally mandatory, and likewise whether they did not leave some discretion in the district court, but on the whole we are convinced that the idea of the Legislature was that the inclusion in the calendar was one of the necessary steps by which an appellant perfected his appeal. The appellant does not question that it is the duty of the court to dismiss an appeal if the case is not actually included by reason of the failure of the appellant so to request. On the theory of such imperative duty on the part of the appellant he was bound to act immediately."

In the case before us the appellants could have avoided all question by forwarding in due time the internal revenue stamp, and their failure to do so placed them in the position of not having perfected their appeal, and no subsequent action on their part can have the effect of perfecting their appeal after the time provided by the law; wherefore the order appealed from which sets aside the judgment dismissing the appeal should be reversed.

Mr. Justice Hutchison dissented.